# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MANNY D. SELFAISON, *et al*.,

    Plaintiffs,

v.

FIRST NATIONAL BANK OF ARIZONA, *et al*.,

    Defendants.

Case No. 2:09-CV-01918-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant Phillip Kafka's Motion to Dismiss (#6). Plaintiffs filed a response in opposition (#8) to which Defendant replied (#9).

I. Background

    On or about February 1, 2007, Plaintiffs obtained a loan for which they signed a promissory note secured by a deed of trust on real property located at 6476 Robusta Court, Las Vegas, Nevada 89141. On or about February 11, 2009, a Notice of Breach and Default and of Election to Cause Sale of Real Property Under Deed of Trust was recorded. On September 10, 2009, the trustee of the deed of trust held a trustee's sale and obtained a Trustee's Deed on or about September 21, 2009. Plaintiffs then served a notice of right of rescission on Defendant First National Bank of Arizona. Plaintiff's Amended Complaint (#4) was filed on December 2, 2009 asserting causes of action for

rescission under 15 U.S.C. § 1635(a) and (i), declaratory judgment and lack of standing. Defendant Kafka now moves to dismiss asserting that Plaintiffs' right of rescission under 15 U.S.C. § 1635 was cut off upon sale of the property and that Plaintiffs' claims for declaratory relief and lack of standing fail to state a claim for relief.

## II. Analysis

### A. 15 U.S.C. § 1635

15 U.S.C. § 1635 (f), which expressly applies to section 1635 (a) and (i), states "[a]n obligor's right of rescission shall expire three years after the date of the consummation of the transaction or upon the sale of the property, whichever occurs first[.]" Plaintiffs allege that they sent their Notice of Rescission on September 24, 2009, fourteen days after the property was sold to Kafka. Assuming there was ever a right to rescission under the alleged facts of this action, it expired upon the sale of the property on September 10, 2009. Accordingly, Plaintiffs' claims for rescission are barred by 15 U.S.C. § 1635(f). Plaintiffs' claim for declaratory relief was based upon Plaintiffs' right of rescission. Since the rescission claim is foreclosed, the Court must also dismiss the claim for declaratory relief.

### B. Standing

Plaintiffs' cause of action for standing in this case is based on the argument that Defendant, Mortgage Electronic Registration Systems ("MERS"), lacked standing to foreclose on the property. However, based on the documents attached to Plaintiffs' amended complaint and those documents of which the Court can properly take judicial notice, MERS, in fact, held the note and deed of trust at issue in this action. Furthermore, MERS properly designated Executive Trustee Services, LLC, to act as Trustee under the deed of trust. Under Nevada law, the trustee may properly conduct the foreclosure sale. The procedure for conducting a trustee's foreclosure sale in Nevada is set forth in NRS § 107.080 *et seq*. The foreclosure process is commenced by the recording of a notice of breach and election to sell by the trustee. NRS § 107.080(2)(b). After the notice of default is recorded, the trustee must wait three months. NRS § 107.080(2)(c). The trustee must then give notice of the time

and place of the sale. NRS § 107.080(4). A sale is conducted, monies are bid, and a trustee's deed is issued. Foreclosure procedures must be followed or the sale will be invalid. See <u>Rose v. First Fed. Sav. and Loan</u>, 105 Nev. 454, 777 P.2d 1318 (1989) (trustee's sale invalid where notice requirements not satisfied).

Section 107.080 provides that the "power of sale" is conferred upon the "trustee." Section 107.080(b) expressly states that the trustee can execute its power of sale once "[t]he beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of his election to sell or cause to be sold the property to satisfy the obligation." Plaintiffs have failed to cite to any authority under Nevada law that a trustee's power of sale is tied to the presentment of the original note to the debtor.

Additionally, at least under California law, an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid." <u>Neal v. Juarez</u>, 2007 WL 2140640 (S.D. Cal. July 23, 2007) (citing <u>R.G. Hamilton Corp. v. Corum</u>, 218 Cal. 92, 97, 21 P.2d 413 (1933) and <u>California Trust Co. v. Smead Inv. Co.</u>, 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935)). See, e.g., <u>Commercial Standard Ins. Co. v. Tab Constr., Inc.</u>, 94 Nev. 536, 583 P.2d 449, 451 (Nev.1978) (stating that Nevada courts often look to California law where Nevada law is silent). Accordingly, the Court dismisses Plaintiffs' claims.

C.  Service under Rule 4 (m)

Plaintiffs' amended complaint was filed on December 2, 2009. Federal Rule of Civil Procedure 4(m) requires service of summons and complaint to be made upon a defendant 120 days after the filing of the complaint. The 120 day time period for effecting service of the summons and complaint upon Defendants First National Bank of Arizona and MERS expired no later than April 1, 2010. On April 6, 2010 and November 10, 2010, the Court ordered Plaintiffs to file proof of service of the summons and complaint no later than November 24, 2010, and warned Plaintiffs that failure to do so would result in the complaint against Defendants being dismissed without prejudice.

1  Plaintiffs have failed to file proof of service on Defendants, or to otherwise respond to the
2  Court's order.  Therefore, the Court dismisses Plaintiffs' complaint without prejudice against
3  Defendants First National Bank of Arizona and MERS for failure to serve Defendants in compliance
4  with Rule 4(m).

5  <u>III.  Conclusion</u>

6  Accordingly, IT IS HEREBY ORDERED that Defendant Phillip Kafka's Motion to Dismiss
7  (#6) is **GRANTED**;

8  IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant
9  Kafka and against Plaintiffs;

10  IT IS FURTHER ORDERED that the complaint against First National Bank of Arizona and
11  MERS is **DISMISSED without prejudice** for failure to serve the amended complaint in accordance
12  with Rule 4 (m).

13  DATED this 24th day of February 2011.

_____
Kent J. Dawson
United States District Judge